UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22834-CIV-TORRES

[CONSENT CASE]

| | |
|---|---|
| HECTOR M. TRUJILLO and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| K N M CONSTRUCTIONS CORP., HECTOR GRANADOS, | ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT, STIPULATED DISMISSAL WITH PREJUDICE, AND FOR THE COURT TO RETAIN JURISDICTION**

The Parties, Plaintiff, HECTOR M. TRUJILLO ("Plaintiff"), and Defendants, K N M CONSTRUCTIONS CORP., and HECTOR GRANADOS ("Defendants"), (collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), by and through their respective undersigned counsel, and file this Joint Motion for Approval of the Parties' Settlement Agreement, Stipulated Dismissal with Prejudice, and for the Court to Retain Jurisdiction, and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in

order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc*., 545 F.2d 537, 539 (5th Cir. 1977).

A bona fide dispute exists between Plaintiff and Defendants in this case regarding Plaintiff's claim for overtime wages under 29 U.S.C. 201-216 and the alleged damages associated with same. Plaintiff contends that he was not properly paid his overtime wages as required by the FLSA during the relevant time period. Defendants have asserted various affirmative defenses, including, without limitation, that Plaintiff was an independent contractor and not an "employee" as defined by the FLSA and Defendants have raised the defense of good-faith. There is also a dispute regarding the number of hours worked by Plaintiff during the relevant time period. Notwithstanding their factual disputes, the parties have settled this case, believing that settlement promotes efficiency and brings a reasonable and fair result to this litigation.

The Parties have reached a full settlement to avoid risks and additional expenses associated with continued litigation of this matter, including trial. Counsel have zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiffs and Defendants. All parties are represented by experienced counsel in this action, and the parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiffs' claim. There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement. A copy of the Parties' Settlement Agreement is attached as **Exhibit A**. As per the Settlement Agreement, the Parties agree that each party shall bear its own attorneys' fees and costs except as otherwise stated in the Settlement Agreement. As a condition for dismissal, the parties agree to dismissal of this action on the condition that the Court retains jurisdiction to enforce the terms of

2

the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the said Parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice pursuant to the Parties' stipulated settlement and dismissal; (3) retaining jurisdiction over enforcement of the settlement; and (4) denying as moot all pending motions.

Respectfully submitted this 1st day of November, 2017.

**J.H. ZIDELL, P.A.**
*Counsel for Plaintiff*
300 71st Street, Suite 605
Miami Beach, Florida 33141
Telephone: (305) 865-6766
Facsimile: (305) 865-7167

By:/s/ Rivkah F. Jaff
**RIVKAH F. JAFF, ESQ.**
Fla. Bar No. 107511
Rivkah.Jaff@gmail.com

**ROIG LAWYERS**
*Counsel for Defendants*
44 W. Flagler Street
2nd Floor
Miami, FL 33130
Telephone: (305) 405-0997

BY: /s/  Nelson Camilo Bellido, Esq.
**NELSON CAMILO BELLIDO, ESQ.**
Florida Bar No.: 974048
nbellido@roiglawyers.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22834-CIV-TORRES

[CONSENT CASE]

| | |
|---|---|
| HECTOR M. TRUJILLO and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) |
| | ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| K N M CONSTRUCTIONS CORP., HECTOR GRANADOS, | ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**ORDER APPROVING JOINT MOTION FOR APPROVAL OF PARTIES'
SETTLEMENT AGREEMENT, STIPULATED DISMISSAL WITH PREJUDICE, AND
FOR THE COURT TO RETAIN JURISDICTION**

Having reviewed the Settlement Agreement between the Parties, Plaintiff, HECTOR M. TRUJILLO ("Plaintiff"), and Defendants, K N M CONSTRUCTIONS CORP., and HECTOR GRANADOS ("Defendants"), (collectively, the "Plaintiff" and "Defendants" referred to as the "Parties"), it appears to the Court that due cause exists to approve settlement and dismiss the case with prejudice regarding Plaintiff's claims against Defendants with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement.  And therefore, it is:

**ORDERED,** and **ADJUDGED** that the Settlement Agreement is hereby **APPROVED** in its entirety by the Court under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and this case is **DISMISSED WITH PREJUDICE** with the Court to retain jurisdiction to enforce the terms of the Settlement Agreement. All pending motions in this case are DENIED as moot, and this case is CLOSED.

4

**DONE AND ORDERED** in chambers, at Miami, Florida, this _____ day of

_____ 2017.

_____
EDWIN G. TORRES
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record